**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DENNIS J. WOESSNER,

                Plaintiff,

                                                      Case No. 3:10-cv-354-J-JRK

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Dennis J. Woessner ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). On June 5, 2001, Plaintiff filed an application for DIB, alleging a disability onset date of October 1, 2000. Transcript of Administrative Proceedings (Doc. No. 9; "Tr.") at 75-77. The Social Security Administration denied Plaintiff's application initially on October 16, 2001, Tr. at 66-67, and upon reconsideration on May 24, 2002, Tr. at 62-63. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 61. Three hearings were held prior to a decision being rendered by the ALJ on Plaintiff's claim: hearings were held on September 10, 2003; February 19, 2004; and July 15, 2004.[2] Tr. at 294-329A, 330-52, 353-400. Plaintiff appeared for each hearing and he testified during the first and third hearings. See generally Tr. at 294-329A, 330-52, 353-400. On March 9, 2005, the ALJ issued a

---

      [1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 8), filed August 13, 2010; Order of Reference (Doc. No. 10), entered August 19, 2010.

      [2] The first two hearings were held before the Honorable Linda R. Haack, United States Administrative Law Judge, Tr. at 294, 330, and the third hearing was held before the Honorable John D. Thompson, United States Administrative Law Judge, Tr. at 353. Unless otherwise noted, all references to "ALJ" are to Judge Thompson.

Decision finding Plaintiff not disabled during the period for which Plaintiff was requesting and insured to receive DIB, that is, from the alleged onset date of October 1, 2000, through Plaintiff's date last insured of June 30, 2002. Tr. at 18-26. Consequently, Plaintiff's claim was denied. Tr. at 26. Following the ALJ's Decision, on May 3, 2005, Plaintiff filed a Request for Review by the Appeals Council, Tr. at 7-12, which was denied on June 10, 2005, Tr. at 4-6. Plaintiff then timely sought review in federal court. Tr. at 480 (Electronic docket sheet for the United States District Court, Middle District of Florida, Jacksonville Division, indicating a Complaint was filed in Case No. 3:05-cv-769-MCR on August 12, 2005).

On July 26, 2006, the Honorable Monte C. Richardson, United States Magistrate Judge, reversed and remanded the ALJ's Decision. Tr. at 467-78. In doing so, Judge Richardson found that the ALJ failed to discuss evidence pertaining to three treating physicians: Dr. Collier, Dr. Tandron, and Dr. Carrasquillo. Tr. at 475-77. Accordingly, on remand, the Commissioner was instructed "to consider the medical opinions of Dr. Collier, Dr. Tandron, Dr. Carrasquillo, and, if they are rejected, explain fully why they are being rejected." Tr. at 477.

On remand, the ALJ conducted a supplemental hearing on January 9, 2008. Tr. at 657-707. Inexplicably, Plaintiff did not appear for the supplemental hearing. Tr. at 659-62. The ALJ deemed Plaintiff "a nonessential witness" and proceeded with the hearing. Tr. at 662. During the hearing, the ALJ heard testimony from an impartial medical expert, Tr. at 662-99, and from a vocational expert, Tr. at 700-02. On May 12, 2008, the ALJ issued a second Decision again denying Plaintiff's claim. Tr. at 429-40. The Appeals Council declined to assume jurisdiction on March 16, 2010, Tr. at 400A, making the ALJ's second Decision the final decision of the Commissioner. Plaintiff commenced this action under 42

U.S.C. § 405(g) by timely filing the Complaint (Doc. No. 1) on April 23, 2010, seeking judicial review of the Commissioner's final decision. Plaintiff has exhausted the available administrative remedies, and the case is properly before the Court.

Plaintiff raises two issues on appeal: (1) whether the ALJ erred "by not affording the Plaintiff an Opportunity to Attend and Testify at the Hearing"; and (2) whether the ALJ erred "by failing to fully and adequately evaluate all the medical evidence." Memorandum in Support of Complaint (Doc. No. 15; "Pl.'s Mem."), filed January 15, 2011, at 6-11. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Second Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In the ALJ's second Decision, dated May 12, 2008, he followed the required five-step sequential inquiry. See Tr. at 429-40. At step one, the ALJ found Plaintiff "did not engage

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

-3-

in substantial gainful activity during the period from his alleged onset date of October 1, 2000 through his date last insured of June 30, 2002." Tr. at 431 (citations omitted). At step two, the ALJ indicated that "[t]hrough the date last insured, [Plaintiff] had a history of the following severe impairments: left knee derangement, secondary to torn posterior horn of the medial meniscus status post-arthroscopic repair; right knee meniscus tear; gastroesophageal reflux disease ("GERD") and a history of non-cardiac chest pain." Tr. at 432 (citation omitted). At step three, the ALJ stated Plaintiff "d[id] not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 434 (citations omitted). As to Plaintiff's residual functional capacity, the ALJ found:

> [T]hrough the date last insured, [Plaintiff] had the residual functional capacity to perform either light or sedentary work . . . except for work that: [D]oes not provide a sit/stand option allowing [Plaintiff] to alternate between sitting, standing and walking every thirty minutes; requires squatting, crawling and climbing and that requires more than occasional bending and stooping.

Tr. at 436. Then, at step four, the ALJ found that through the date last insured, Plaintiff "was able to perform his past relevant work as a salesperson at Home Depot as it is generally performed in the national economy." Tr. at 438. At step five, based on a vocational expert's testimony at a "prior hearing" and Plaintiff's age, education, work experience, and RFC, the ALJ determined other jobs existed in significant numbers in the national economy during the closed period of disability that Plaintiff could have performed. Tr. at 439. Finally, the ALJ concluded Plaintiff was not disabled from the alleged onset date through June 30, 2002, the date last insured. Tr. at 439.

### **III.  Standard of Review**

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

There are two issues to resolve: (1) whether the ALJ erred in "not affording the Plaintiff an opportunity to attend and testify at the hearing"; and (2) whether the ALJ erred in "failing to fully and adequately evaluate all the medical evidence." Pl.'s Mem. at 6-11. Each is discussed in turn.

### A.  The Supplemental Hearing

Plaintiff first contends he was not permitted an opportunity to attend and testify at the supplemental hearing held on January 9, 2008. Pl.'s Mem. at 6-8. According to Plaintiff, "[t]he fact that the Plaintiff was not able to offer testimony becomes important in this case because the Court found that he could return to the sales associate position as described in the [Dictionary of Occupational Titles] but not as it was performed by the Plaintiff." Id. at 7. Plaintiff states that during the July 15, 2004 hearing, the vocational expert stated that Plaintiff could not perform the job of "salesperson" if it required a "sit/stand option[.]" Id. Plaintiff complains that the vocational expert at the supplemental hearing on January 9, 2008 "was never asked about a sit/stand option and how that may impact [Plaintiff's] ability to perform the job of a salesperson." Id. at 7-8. Plaintiff states that the vocational expert at the supplemental hearing on January 9, 2008 "was also never asked about alternative positions that the plaintiff could perform and therefore if the salesperson position is eliminated there would be no alternative positions." Id. Finally, Plaintiff asks the Court to remand this matter and instruct the ALJ "to properly evaluate all relevant [] evidence in accordance with the Plaintiff's testimony or [] elicit additional testimony from the plaintiff concerning the specific job as a salesperson." Id.

The Court disagrees with Plaintiff's contention that he was not "afford[ed] an opportunity to attend and testify at the hearing." Id. at 6. To the contrary, Plaintiff was given

the opportunity to attend and testify at the hearing, but he chose, for inexplicable reasons, not to do so. Further, as the Commissioner correctly points out, see Memorandum in Support of the Commissioner's Decision (Doc. No. 19), filed March 4, 2011, at 5, Plaintiff had provided ample testimony during the previous hearings in September 2003 and July 2004 regarding his past relevant work and his condition during the relevant time frame, see Tr. at 298-329, 353-85. Accordingly, the Court finds no error in the ALJ's election to proceed with the January 9, 2008 hearing without Plaintiff present.

In arguing that Plaintiff's testimony was crucial to the resolution of the issues, Plaintiff also points out that the vocational expert at the January 9, 2008 hearing was not asked about the impact of a sit/stand option on his ability to perform the position of salesperson. Pl.'s Mem. at 7-8. It was critical for the ALJ to question the vocational expert regarding such impact, according to Plaintiff, because the vocational expert at the July 15, 2004 hearing testified Plaintiff could not have performed the position of salesperson if it required such an option. Id. at 8. Plaintiff misstates the July 15, 2004 vocational expert's testimony. The July 15, 2004 vocational expert actually responded that he "believe[d] that the person couldn't do th[e] position" of "Salesperson, hardware" when presented with a hypothetical that is almost identical to the ALJ's ultimate RFC determination. Tr. at 393. It is not clear from the transcript whether "Salesperson, hardware" is the same position of "salesperson" that Plaintiff performed.[4] Nevertheless, the parties have not cited and the Court has not found in the transcript testimony by a vocational expert that Plaintiff could have performed the job of salesperson if the RFC restrictions in the ALJ's second Decision are taken into account.

---

[4] "Salesperson, hardware" was a job identified by the July 15, 2004 vocational expert as a job existing in the national economy that Plaintiff could have performed when presented with a less restrictive hypothetical than the RFC ultimately decided upon by the ALJ in the second Decision. Tr. at 390-91. When summarizing Plaintiff's past relevant work, the July 15, 2004 vocational expert did not identify any sales-related positions. Tr. at 389.

-7-

Therefore, the ALJ's determination at step four that Plaintiff could "perform his past relevant work as a salesperson at Home Depot as it is generally performed in the national economy" is not supported by substantial evidence. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (stating "[if] nonexertional impairments exist, the ALJ . . . must . . . introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform") (citation omitted).

Notwithstanding the above finding, remand on this issue is not required because the ALJ's determination at step five–that there were other jobs that existed in significant numbers in the national economy which Plaintiff could have performed during the relevant time period–is supported by substantial evidence. Although the vocational expert at the January 9, 2008 hearing was not asked about this issue, the vocational expert at the July 15, 2004 hearing was. Tr. at 390-96. When presented with a hypothetical almost identical to the ultimate RFC determination in the second Decision (as it relates to the ability to perform light work with some restrictions), the vocational expert identified numerous positions that Plaintiff could have performed. Tr. at 393-96. Given that the hypothetical was virtually identical to the ultimate RFC, the ALJ could properly rely on the July 15, 2004 vocational expert's testimony in determining there were other jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

In sum, any additional testimony Plaintiff could provide on these issues would not change the result. Plaintiff already testified regarding the job of salesperson as he performed it. Additionally, the testimony is not relevant to the ALJ's finding regarding Plaintiff's past relevant work as a salesperson because the ALJ explicitly and permissibly focused on how the job is performed in the national economy, not on how the job was actually performed by Plaintiff. Tr. at 438; see Jackson v. Bowen, 801 F.2d 1291, 1293-94

(11th Cir. 1986) (holding "a claimant must demonstrate an inability to return to the previous type of work he was engaged in" rather than a specific former job).  Although the ALJ's determination that Plaintiff could return to his past relevant work as a salesperson is not supported by substantial evidence, the ALJ's determination that Plaintiff can perform other jobs in the national economy is supported.  Accordingly, the undersigned finds remand is not required on this issue.

### B.  Fully and Adequately Evaluating the Medical Evidence

Plaintiff next takes issue with the alleged failure on the part of the ALJ to fully and adequately evaluate the medical evidence.  Pl.'s Mem. at 9-11.  Plaintiff contends the ALJ "erred by not discussing . . . relevant medical records; specifically, the notes from Dr. Collier, Dr. Tandron, and Dr. Carrasquillo."  Id. at 9.  When addressing this issue, Plaintiff initially alleges, just as he did the last time he appealed the Commissioner's final decision to this Court, that the records from these three doctors "are not mentioned in the body of the decision."  Id.  On the next page of his Memorandum, Plaintiff does an about-face:  he concedes the ALJ "review[ed] all the records from the [three] doctors," but he argues without elaboration that the ALJ "does not describe any of the limitations in the hypothetical that was presented to [the vocational expert]."  Id. at 10-11.

Plaintiff's initial contention that the ALJ did not discuss the medical evidence from Dr. Collier, Dr. Tandron, and Dr. Carrasquillo is incorrect.  In fact, the ALJ followed the remand instructions and explicitly considered and made findings with respect to each of the three doctors' medical evidence and opinions.  Tr. at 432-34.  Plaintiff does not challenge on appeal the ALJ's findings regarding the three doctors; rather, he argues near the end of his brief without elaboration that the ALJ did not include "any of the limitations in the hypothetical . . . ."  Pl.'s Mem. at 11.  Plaintiff was warned in the Court's Scheduling Order

-9-

that any grounds upon which the decision was being challenged must be identified with particularity. Scheduling Order (Doc. No. 11) at 1. Plaintiff was further warned that any contention for which the particularity requirement is not met is subject to being disregarded for insufficient development. Id.; see also United States v. Jernigan, 341 F.3d 1273, 1283, n.8 (11th Cir. 2003) (deeming an issue abandoned when there were "only four passing references" to it in a party's brief, and reiterating that claims must "be unambiguously demarcated" to "avoid confusion as to the issues that are in play and those that are not") (citation omitted). Plaintiff does not particularly identify any issue with his passing reference to the ALJ allegedly not including "limitations in the hypothetical." Pl.'s Mem. at 11. The undersigned finds no error in the ALJ's discussion and findings with respect to Dr. Collier, Dr. Tandron, and Dr. Carrasquillo.

### V.  Conclusion

After a thorough review of the record, the undersigned is convinced that the ALJ's second Decision is supported by substantial evidence. Accordingly, it is

**ORDERED:**

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close this case.

**DONE AND ORDERED** at Jacksonville, Florida on September 30, 2011.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record